# WESTERN STAR LODGE No. 2 *v.* PAUL SCHMINKE, Postmaster.

(*United States Circuit Court, District of Nebraska, January, 1883—Equity. On exceptions to answer.*)

1. POSTMASTER—DUTY TO OBEY LAWFUL ORDERS OF THE POSTMASTER GENERAL—INJUNCTION. A postmaster being an officer subordinate to the Postmaster General, is bound to obey the orders of the latter respecting the location of a postoffice within a city, and the Courts will not undertake to enjoin him from so doing.

2. POSTOFFICE—REMOVAL FROM ONE BUILDING TO ANOTHER IN THE SAME TOWN OR CITY. The power to remove a postoffice from one building to another in the same town or city, is vested by law in the Postmaster General, and can be exercised by him at his discretion.

3. LEASE OF POSTOFFICE BUILDING—POWER OF POSTMASTER GENERAL. A lease of certain premises for use as a postoffice for a term of four years, does not deprive the Postoffice Department of the power to remove the postoffice during that time.

McCRARY, Circuit Judge.

This is a bill in equity, brought for the purpose of restraining the respondent, who is postmaster at Nebraska City, Nebraska, from obeying an order of the Postmaster General of the United States directing him to remove the postoffice in that city from one building to another.

This relief is sought upon the ground that a removal of the office as proposed would be in violation of a lease executed by the late Postmaster General, Horace Maynard, whereby certain premises in which the complainants have an interest were leased for use as a postoffice for a period of four years.

The relief sought cannot be granted for several reasons:

1. The respondent is a subordinate officer of the Postoffice Department, and bound to obey the order of the Postmaster General.

2. The Postmaster General is not made a party, and cannot therefore be enjoined in this proceeding, even if it were within the power of the Court to control his action in the matter of locating and removing postoffices.

3. The power to remove the postoffice at Nebraska City from one place within the city to another, is vested by law in the Postmaster General, and can be exercised by him at his discretion.

4. If the lease executed by the late Postmaster General to complainant is a valid contract, the complainant is entitled to the stipulated rent for the entire term, and may recover the same by suit in the Court of Claims, but I know of no other remedy. The law does not authorize the Postmaster General to bind the United States by an agreement that a postoffice shall not be removed from a particular building during a period of four years, or any other period. Besides, the lease in question does not show that the late Postmaster General undertook to make such a contract, and the answer avers that the lease expresses the whole contract.

5. The contract, such as it is, is with the "United States, by Horace Maynard, Postmaster General," and the Court has no jurisdiction to grant any relief upon it as against the Government.

The exceptions to the answer are overruled.